IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-171-BO

| | |
|---|---|
| FREDRICK BEST, CAROLYN SHAW, JOSEPH CARROLL, <br><br> Plaintiffs, <br><br> v. <br><br> BARRY STANLEY, in his individual and official capacity as Chief of Police for the City of Ayden; OFFICER C. PAGE, in his individual and official capacities; and UNKNOWN MEMBERS OF THE AYDEN POLICE DEPARTMENT, in their individual and official capacities; <br><br> Defendants. | ORDER |

This cause comes before the Court on defendants Stanley and Page's motion to dismiss pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. Plaintiffs, who proceed in this matter through counsel, failed to respond to the motion to dismiss and the time for doing so has expired.[1] For the reasons that follow, the motion to dismiss is granted and this action is dismissed in its entirety.

BACKGROUND

Plaintiffs filed this action complaining under 42 U.S.C. § 1983 of violations of their Fourteenth Amendment rights and under North Carolina state law of malicious prosecution, intentional infliction of emotional distress, fraud, and conspiracy to commit fraud. Plaintiffs' claims arise from their arrest by defendants on July 12, 2015, for false imprisonment, neglect of

---

[1] The motion to dismiss was served on counsel via CM/ECF. *See* Local Civil Rule 5.1(e).

the disabled/elderly, and felonious restraint. The criminal charges against plaintiffs arose from an allegation that a family member of plaintiffs who suffered from HIV and mental illness was being kept by plaintiffs against his will at a location without plumbing or air conditioning and in conditions otherwise unsuitable for habitability. Plaintiffs allege that they had worked with several different agencies to come up with a plan of care for this family member, but had been left without any option other than to care for him themselves. Plaintiffs allege that the home in which this family member was living had working plumbing and air conditioning and that another person was living in the home in order to care for the family member.

Plaintiffs allege that defendants did not fully investigate the home in which their family member was living, nor did they attempt to seek a full understanding of the situation. The charges against plaintiffs were formally dismissed on August 5, 2016. The dismissal stated that the alleged victim was determined to be mentally incompetent and that the state had determined there was no crime committed based on credible information. Prior to the dismissal of the charges, plaintiffs allege that their arrest was excessively covered in the media, and that this coverage resulted in negative impacts on their private and personal affairs.

Plaintiffs' complaint was filed in this Court on October 12, 2018. Defendants Stanley and Page timely moved to dismiss plaintiffs' complaint on January 16, 2019.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the

pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inference in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts as pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I.   Section 1983 claims.

Plaintiffs allege claims under § 1983 against defendants Stanley and Page in their individual and official capacities.

Stanley and Page have raised the privilege of qualified immunity as to the § 1983 claims against them in their individual capacities. Qualified immunity shields government officials from liability for statutory or constitutional violations so long as they can reasonably believe that their conduct does not violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). A court employs a two-step procedure for determining whether qualified immunity applies that "asks first whether a constitutional violation occurred and second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). A court may exercise its discretion to decide which prong of the analysis to decide first based on the circumstances presented. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). When qualified immunity is raised in a motion to dismiss, the appropriate inquiry for a court is whether the plaintiff has "plead[ed] factual matter that, if taken as true, states a claim that [defendants] deprived him of his clearly established constitutional rights." *Iqbal*, 556 U.S. at 666.

Plaintiffs have raised two claims under § 1983 against the defendants in their individual capacities. First, plaintiffs allege that defendants violated their due process rights by fabricating and withholding evidence and that defendants maliciously, recklessly, or callously acted with deliberate indifference to plaintiffs' federally protected rights. In order to show that the fabrication of evidence violated an individual's due process rights, the individual must plead adequate facts to show that a loss of liberty resulted from the fabrication; "[f]abrication of evidence alone is insufficient to state a claim for a due process violation . . . ." *Massey v. Ojaniit*, 759 F.3d 343, 354 (4th Cir. 2014). In order to state a claim that police officers violated

4

their due process rights by withholding evidence, the plaintiffs must sufficiently plead that "(1) the evidence at issue was favorable to [them]; (2) the Officers suppressed the evidence in bad faith; and (3) prejudice ensued." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396–97 (4th Cir. 2014).

Here, plaintiffs have failed to state a claim for violation of their due process rights based on the fabrication or withholding of evidence. Plaintiffs have not identified what evidence they allege was fabricated or withheld by defendants, or when the defendants fabricated or withheld evidence. Nor have plaintiffs have alleged any conviction or deprivation of liberty which ensued from the alleged fabrication of evidence. Mindful that plaintiffs need only show that they have a "more-than-conceivable" chance of success on the merits to survive a motion to dismiss, *Owens*, 767 F.3d at 396, the Court's review of the complaint reveals that it is comprised solely of conclusory allegations that the defendants deprived plaintiffs of any constitutional rights. Because plaintiffs have failed to state a due process claim, the Court need not consider whether the rights alleged to have been violated were clearly established. Defendants Stanley and Page are entitled to qualified immunity on plaintiffs' due process claims based on the fabrication and withholding of evidence.

Plaintiffs second § 1983 claim is based on the alleged denial of access to courts. Plaintiffs allege that the fabrication and withholding of evidence "infringed upon their rights to have access to the courts unhindered by official cover-ups and corrupt dealings . . .." Cmp. ¶ 48. "[I]f a party engages in actions that effectively cover-up evidence and this action renders a plaintiff's [] court remedy ineffective, they have violated his right of access to the courts." *Swekel v. City of River Rouge*, 119 F.3d 1259, 1262 (6th Cir. 1997). Where a party has alleged the denial of access to courts prior to filing suit, the party must demonstrate that "the defendants'

5

actions foreclosed her from filing suit . . . or rendered ineffective any . . . remedy she previously may have had." *Id.* at 1263–64; *see also Cook v. Howard*, 484 F. App'x 805, 825 (4th Cir. 2012). Additionally, the right to access to courts is "ancillary to an underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

As discussed above, plaintiffs have failed to identify what evidence was allegedly withheld or covered-up, and plaintiffs have not alleged how any specific conduct by defendants prevented them from seeking redress in the courts. Plaintiffs have failed to state a plausible claim for relief, and defendants Stanley and Page are entitled to qualified immunity on plaintiffs' access to courts claim.

Plaintiffs' § 1983 claims against defendants in their official capacities also fail. A claim against an officer in his official capacity is, at bottom, a claim against the agency which the officer represents. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In order to establish § 1983 liability against a municipality, a plaintiff must allege that his deprivation of rights was caused by an official policy or custom, or by deliberate indifference by the municipality in its training and supervision of its employees; "a municipality can be liable under § 1983 only where its policies are the 'moving force behind the constitutional violation.'" *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)) (internal alteration omitted).

The complaint is devoid of any allegations which would put defendants on notice that plaintiffs believe a constitutional violation occurred because of a policy or custom of the Town of Ayden Police Department or because of the police department's failure to train or supervise its employees. Plaintiffs have thus failed to state an official capacity claim against defendants

Stanley and Page for deprivation of their constitutional rights. These claims are therefore dismissed.

II. State law claims.

Because the claims giving rise to this Court's jurisdiction are properly dismissed, the Court declines to continue to exercise supplemental jurisdiction over plaintiffs' remaining state law claims against Stanley and Page. 28 U.S.C. § 1367(c)(3).

III. Unnamed defendants.

Finally, there are no allegations in the complaint which would suggest that the identity of the unnamed defendants could be readily discovered at this stage. Accordingly, the Court dismisses the unnamed defendants without prejudice. *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982).

## CONCLUSION

For the foregoing reasons, defendants Stanley and Page's motion to dismiss [DE 11] is GRANTED. Plaintiffs have failed to state a plausible claim under 42 U.S.C. Section 1983, and defendants Stanley and Page are entitled to qualified immunity in their individual capacities. The Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367(c). The unnamed defendants are dismissed without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this ___ day of March, 2019.

                                                            TERRENCE W. BOYLE
                                                            CHIEF UNITED STATES DISTRICT JUDGE